# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARION BEASLEY EL, JR.,     )
                                   )
               Petitioner,    )
                                   )
                v.               )     1:14CV448
                                   )
STATE OF NORTH CAROLINA,   )
                                   )
               Respondent.   )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. (Docket Entries 1, 2.) For the reasons that follow, the Court should dismiss the Petition.

### BACKGROUND

According to the Petition and attached exhibits, on February 5, 1998, the Superior Court of Forsyth County entered judgment against Petitioner for first-degree murder and two counts of robbery with a dangerous weapon in cases 96 CRS 25622 and 96 CRS 25756, with judgment arrested on one of the robbery counts. (Docket Entry 2, §§ 1, 2, 5; Docket Entry 2-1 at 7, 8; Docket Entry 2-2 at 1-1; Docket Entry 2-3 at 1.) Sentenced to life without parole plus a consecutive 129 to 164 months of imprisonment (Docket Entry 1, § 3), Petitioner filed a direct appeal (id., § 9(a)). The North Carolina Court of Appeals initially dismissed the appeal on procedural grounds (see Docket Entry 2, § 9(c); Docket Entry 2-1 at

9), but ultimately granted review via certiorari and denied Petitioner's appeal on its merits, leading Petitioner to seek further review from the North Carolina Supreme Court, which dismissed the appeal on February 5, 2009. State v. Beasley, No. COA07-1157, 2008 WL 2582478, 191 N.C. App. 252 (table), 662 S.E. 2d 578 (table), (July 1, 2008) (unpublished), appeal dismissed, 363 N.C. 131, 673 S.E.2d 659 (2009). Petitioner did not file a petition for certiorari with the United States Supreme Court. (Docket Entry 2, § 9(h).)

On April 16, 2010, Petitioner filed a motion for appropriate relief (MAR) with the Forsyth County Superior Court, which that court later denied on February 24, 2011. (Docket Entry 2, § 11(a); Docket Entry 2-1 at 7; Docket Entry 2-2 at 22.) Petitioner then filed a petition for certiorari with the North Carolina Court of Appeals, which denied relief on May 3, 2011. Beasley v. State of North Carolina, No. P11-330 (N.C. App. May 3, 2011) (unpublished).[1] Petitioner filed a second MAR in Forsyth County on October 16, 2013, which the trial court denied on November 12, 2013. (Docket Entry 2, § 12, Ground Two (d); Docket Entry 2-3 at 1.) The record does not reflect that Petitioner then filed anything further in the state courts before bringing his Petition in this Court.

## DISCUSSION

Petitioner raises two claims for relief in this Court: 1) that the trial court erred by denying a challenge to the jury panel

---

[1] The Petition acknowledges that the North Carolina Court of Appeals denied certiorari review, although it refers to the date of denial as either "May 2011" (Docket Entry 2, § 9(b)) or "29 Day of April 2011 (id. § 12, Ground One (d)).

(Docket Entry 2, § 12 Ground One(a)); and 2) that, for the reasons set out in Petitioner's second MAR, there exists a "question of propia persona sui juris averment of jurisdiction" (id. § 12, Ground Two(a)). Rule 4 of the Rules Governing Section 2254 Cases, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In conducting its review under Rule 4, the Court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). However, the Court may only dismiss a petition as untimely under Rule 4 if the untimeliness appears clear on the petition's face and the petitioner has notice of the statute of limitations, as well as an opportunity to address the issue. Id. at 706-07.

Here, Petitioner used the standard § 2254 form to file his Petition. (See Docket Entry 2.) That form includes this section: "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (Id., § 18.) Petitioner responded at length with an explanation of why he believed his petition remains timely and he indicated no confusion concerning the statute of limitations. (See id.) Therefore, Petitioner not only received notice and a chance to respond, but took advantage of that opportunity. Accordingly, under Hill, the Court may consider whether or not the

-3-

statute of limitations clearly bars the Petition.  See, e.g., Smith v. Shanahan, No. 1:13-cv-166, 2013 WL 3280022, at *4 n.2 (W.D.N.C. June 27, 2013) (unpublished) (ruling no further warning or explanation necessary under Hill where the petitioner addressed the statute of limitations and indicated no confusion); Graves v. Lewis, No. 3:12-cv-480-RJC, 2013 WL 1190287, at *2 n.2 (W.D.N.C. Mar. 22, 2013) (unpublished) (same), appeal dismissed, 532 F. App'x. 327 (4th Cir. 2013).

In order to assess the applicability of the statute of limitations, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.  In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Here, Petitioner could have discovered the factual predicates for both of his claims through reasonable diligence at the time of his conviction in 1998. Nor does any basis exist to conclude that subparagraphs (B) or (C) of § 2254(d)(1) could apply in this case. Therefore, § 2241(d)(1)(A) prescribes the latest possible commencement date for the one-year limitations period and the Court thus must ascertain the date on which Petitioner's convictions became final on direct review or the date when the time for seeking such review expired.

As stated above, the North Carolina Supreme Court dismissed Petitioner's direct appeal on February 5, 2009. His convictions became final 90 days later, on May 6, 2009, when the time to seek a writ of certiorari from the United States Supreme Court expired. See <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires" (internal citations omitted)); <u>see also</u> Sup. Ct. R. 13.1 (allowing petitioners 90 days after highest state appellate court's denial to file for writ of certiorari). The limitations period then ran until Petitioner filed his first MAR in the trial court on April 16, 2010, leaving him only twenty days to file in this Court. At that point, the filing of the MAR tolled the federal habeas deadline for "the entire period of state post-conviction

proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)," Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Therefore, Petitioner's time to file began to run again on May 3, 2011, when the North Carolina Court of appeals denied his certiorari petition, and expired twenty days later on May 23, 2011.

The Court did not receive the present Petition until June 2, 2014, or more than three years later. A document accompanying the Petition suggests that Petitioner signed it on October 8, 2013 (see Docket Entry 2 at 16), but even that date falls more than two years out of time under § 2244(d). As discussed in the Background section, Petitioner also filed a second MAR in the trial court on October 16, 2013. However, that MAR cannot toll the statute of limitations because state filings made after the federal limitations period expires do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

In the end, accepting everything in the Petition and its exhibits as true, the Petition remains more than two years out of time. Petitioner offers no viable explanation for this untimeliness and no facts that could support equitable tolling. (See Docket Entry 2, § 18.) Instead, he only notes that his first appellate attorney's failure to perfect his appeal resulted in the delay between his conviction and the denial of his direct appeal in 2009. (Id.) He fails to identify any basis to excuse his subsequent delay in filing his MARs or his Petition in this Court.

Moreover, Petitioner has filed ten prior cases of various sorts in this Court. Clearly, he knows how to make federal filings and can do so.[2] The Petition is untimely and should be dismissed.

Regarding Petitioner's second claim for relief, another reason for dismissal also exists. That claim arises from Petitioner's frivolous belief that, by subjecting him to a criminal trial, "the State N.C. has denied [him] his status of Moorish American National." (Docket Entry 2, § 12, Ground Two.) Petitioner is not the first person to raise this or similar claims based on an alleged status as a "Moorish American" or related terms and courts routinely reject such claims. See Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008); Albert Fitzgerald Brockman-El v. N.C. Dept. of Corr., No. 1:09CV633, Docket Nos. 2,6, 7 (M.D.N.C. 2009), appeal dismissed, 373 F. App'x. 332 (4th Cir. 2010). A person's alleged nationality or ethnicity does not somehow absolve that person of criminal responsibility. Because it does plainly appear from the Petition and attached exhibits that Petitioner is not entitled to any relief on this claim, the Court should dismiss this claim for this additional reason.

---

[2] In fact, Petitioner filed a previous petition under § 2254 in Beasley v. Keller, No. 1:11CV524 (M.D.N.C.), only to eventually have the case dismissed by the Court without prejudice because he chose to submit a series of frivolous filings rather than simply pay the $5.00 filing fee as ordered. That previous petition, which Petitioner mailed on June 26, 2011 and which the Court received on July 1, 2011, was also untimely, albeit much closer to the applicable deadline of May 23, 2011.

## CONCLUSION

The Petition fails as a matter of law on its face. In forma pauperis status will be granted for the sole purpose of recommending dismissal.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Petition (Docket Entry 2) be dismissed.

This, the 17th day of June, 2014.


                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                             **United States Magistrate Judge**